IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | |
|---|---|
| United States of America ) | |
| ) | Cr. No. 6:14-0465-HMH |
| ) | |
| vs. ) | **OPINION & ORDER** |
| ) | |
| Arturo Mendez-Gomez, ) | |
| ) | |
| Movant. ) | |

This matter is before the court on Arturo Mendez-Gomez's ("Mendez-Gomez") pro se motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255. (§ 2255 Mot., ECF No. 107.)

After a thorough review, the court finds that the instant motion is successive. "[A] prisoner seeking to file a successive application in the district court must first obtain authorization from the appropriate court of appeals." United States v. Winestock, 340 F.3d 200, 205 (4th Cir. 2003), abrogated in part on other grounds by United States v. McRae, 793 F.3d 392, 397-400 (4th Cir. 2015)(citing 28 U.S.C. § 2244(b)(3)). "The court of appeals must examine the application to determine whether it contains any claim that satisfies . . . § 2255." Id. The class of claims that satisfies § 2255 are few. The applicant must come forward with "newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense." 28 U.S.C. § 2255(h)(1). Alternatively, the applicant may cite "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." Id. § 2255(h)(2); see also In re

1

Vassell, 751 F.3d 267, 269 (4th Cir. 2014) ("Under this procedure, '[t]he court of appeals may authorize the filing of a second or successive application only if it determines that the application makes a prima facie showing that the application satisfies the requirements of [§ 2244(b)]' – namely, as relevant here, that the application presents a claim that 'relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.'"). In the absence of pre-filing authorization from the court of appeals, the district court is without jurisdiction to consider a second or successive application. Winestock, 340 F.3d at 205.

Mendez-Gomez has not obtained authorization from the appropriate United States Court of Appeals to proceed with a second or successive § 2255 motion. Because Mendez-Gomez has previously filed a § 2255 motion that was adjudicated on the merits, the instant motion is successive. See (September 16, 2009 Opinion and Order, ECF No. 92.) As Mendez-Gomez failed to obtain pre-filing authorization, the court lacks jurisdiction over this successive § 2255 motion. Based on the foregoing, Mendez-Gomez's § 2255 motion is dismissed.[1]

---

[1] Because this is a successive motion pursuant to § 2255, this case is not controlled by Castro v. United States, 540 U.S. 375, 383-84 (2003).

It is therefore

**ORDERED** that Mendez-Gomez's § 2255 motion, docket number 107, is dismissed. It is further

**ORDERED** that a certificate of appealability is denied because Mendez-Gomez has failed to make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

**IT IS SO ORDERED.**

                                                s/Henry M. Herlong, Jr.
                                                Senior United States District Judge

Greenville, South Carolina
August 1, 2022

### NOTICE OF RIGHT TO APPEAL

The Movant is hereby notified that he has the right to appeal this order within sixty (60) days from the date hereof pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.